Andrea L. Richard
State Bar No. 5-2848
THE RICHARD LAW FIRM, P.C.
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| **ROBERT E. REGAN,** an individual,<br><br>    Plaintiff,<br><br>v.<br><br>**MOUNTAIN STATES WATER SERVICE, INC. ,** a Wyoming corporation, and<br>**JUSTIN LORENZEN**,<br><br>    Defendants. | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiff Robert Regan, by and through his undersigned counsel, and for his *Complaint* against Defendants Mountain States Water Service, Inc., and Justin Lorenzen, respectfully states and alleges as follows:

### NATURE OF THE ACTION - OVERVIEW

1.      This is a civil action for damages to remedy the above-named Defendants' negligence and violations of state, county and federal regulations, and Defendant Mountain States Water Service, Inc.'s independent and vicarious liability for their employee's and agent's negligence, which caused substantial injuries to Plaintiff Robert E. Regan.

**PARTIES**

2.      Plaintiff, Robert E. Regan, is a resident of the State of Texas, residing at 8212 Burleigh Street, Frisco Texas, 75035.

3.      Defendant, Mountain States Water Service, Inc. (hereinafter "Mountain States Water Service") is a trucking business that conducts truck driving operations throughout the United States, including the State of Wyoming, and is licensed and incorporated in the State of Wyoming with a last known, principal place of business at 4 County Road, Big Piney, Wyoming and a physical address of 75 Big Piney Calpet Road, Big Piney, Wyoming, 83113.  Defendant Mountain States Water Service regularly causes its products and services to be sold in the State of Wyoming.

4.      Mountain States Water Service is a commercial motor carrier bearing USDOT number 281303 and at the time of the collision that is the subject of this litigation was authorized to transport property and was a carrier transporting goods or property in interstate commerce under the authority granted by the USDOT by virtue of Mountain States Water Service's MC-Number 678487.  Defendant Mountain States Water Service regularly causes its products and services to be sold in interstate commerce and is therefore subject to the Federal Motor Carrier Safety Regulations (sometimes referred to herein as the FMCSRs").

5.      Defendant Mountain States Water Service, Inc., owns and/or owned the truck (VIN # 2HSCHSCT27C543240) that was involved in the subject wreck, which occurred in Sublette County, Wyoming, on June 22, 2019.

6.      Defendant Justin Lorenzen is a resident of Sublette County, Wyoming.  At all material times hereto, Defendant Lorenzen was an employee and/or agent of Defendant Mountain States Water Service, acting in the course and scope of his employment or agency.

7.      Upon information and belief, Defendant Justin Lorenzen was driving Mountain States Water Service Inc.'s truck in the course and scope of his employment.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2006), 28 U.S.C. § 1332(a)(1) (2011).

9.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) (2011), as diversity exists between all parties to this civil action.  Plaintiffs and Defendant are citizens are of different states.  Plaintiff is domiciled and resides in Texas.  Defendant Mountain States Water Service, Inc., has its principal place of business in the State of Wyoming and Defendant Justin Lorenzen, upon information and belief, resides in and/or works in the State of Wyoming.

10.     Upon information and belief, no change of citizenship of the parties that affects diversity has occurred since the commencement of this action.

11.     Complete diversity exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.     Venue is appropriate in the United States District Court for the District of Wyoming under 28 U.S.C. § 1391(b) (2011) because the acts and omissions which form the basis of this Complaint occurred wholly within the District of Wyoming.  Specifically, Defendant Mountain States Water Service employed Defendant Lorenzen to drive and to deliver goods and/or services in the State of Wyoming.

13.     Defendant Lorenzen was working in the course and scope of his employment with Defendant Mountain States Water Service when both availed themselves of the privileges and benefits of conducting business in Wyoming.

14.     This Court has pendant jurisdiction over the state law claims contained herein.

15.     The negligence and negligent supervision were committed within the jurisdiction of the United States District Court for the District of Wyoming.

16.     The Court's exercise of personal jurisdiction over Defendants Lorenzen and Defendant Mountain States Water Service comports with due process.

## GENERAL ALLEGATIONS -- FACTS

17.     On June 22, 2019, Mountain States Water Service, Inc's employee, Justin Lorenzen was traveling northbound on US 191 in Sublette County, Wyoming.

18.     Mr. Lorenzen was driving Mountain States Water Service's 2007 International Tractor Truck weighing over 26,000 pounds.

19.     As the Mountain States Water Service truck and its driver, Justin Lorenzen, slowed, Plaintiff Robert Regan began to pass it on the left.

20.     However, as Mr. Regan and his van passed the Mountain States' truck and Mr. Lorenzen, without any warning and without adequate or appropriate signaling, Justin Lorenzen and the Mountain States truck began to turn left with no turn signal.

21.     The failure of the Mountain States' truck and Mr. Lorenzen to adequately signal or warn before pulling out into the left lane, failure to maintain a proper lookout, and failure to make sure that the lane was clear before pulling into it, caused the Mountain States truck to crash into Mr. Regan's van, forcing Mr. Regan's van off of the road, and causing Mr. Regan's van to rollover, flip approximately twice, and crash.

22.     Mountain States Water Service, Inc., and Mr. Lorenzen caused this horrible rollover wreck by turning left without checking for passing cars.

23.     As a result of Defendants' negligence, upon impact, Mr. Regan's head and body were violently slammed forward and backward and then slammed again side-to-side.

24.     Mr. Regan immediately experienced pain in his head and right shoulder.

25.     Because Mr. Lorenzen and the Mountain States truck slammed into Mr. Regan's vehicle so suddenly and so violently and caused it rollover, the vehicle sustained significant damage and Mr. Regan was trapped inside of his van.

26.     Indeed, the Fire Department had to remove the door of Mr. Regan's vehicle with the Jaws of Life to extricate Mr. Regan from his van.

27.     After Mr. Regan was successfully removed from being trapped in his van with the Jaws of Life, the EMS technicians transported him to the Pinedale Medical Clinic.

28.     The medical providers at the Pinedale Medical Clinic determined that, as a result of his injuries, Mr. Regan needed to be transported to a larger facility and directed that Mr. Regan be transported to Eastern Idaho Regional Medical Center (EIRMC).

29.     Upon his arrival at EIRMC, the medical providers determined that Mr. Regan had an altered mental state, pain in his cervical, right acromioclavicular joint, right sided chest wall, closed fracture of multiple ribs and a closed fracture of the transverse process of the thoracic vertebrae.

30.     CT scans of Mr. Regan were performed at EIRMC which confirmed the initial above assessment of Mr. Regan's injuries and confirmed additional injuries.

31.     Mr. Regan was then examined by the EIRMC trauma surgeon who determined that Mr. Regan had a closed head injury, fracture of the transverse process of the cervical vertebra, rib fractures, multiple contusions, and AC separation.  Mr. Regan was released from EIRMC and was advised to follow up with his own doctor for treatment of his injuries.

32.     Upon his return home to Texas, Mr. Regan went to see Dr. Lue for the extreme should pain he was experiencing.

33.     Dr. Lue referred Mr. Regan for an MRI which confirmed Mr. Regan's significant injuries including his major shoulder injury.

34.     Dr. Lue performed surgery on Mr. Regan's shoulder, including significant reconstruction of the same on July 31, 2019.

35.     Plaintiff, Mr. Regan sustained these injuries as a result of Defendants' negligence, including, Defendants' breach of their duty to see what was plainly visible and to refrain from entering the left lane until verifying that it was clear.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE—DEFENDANT LORENZEN

36.     The allegations contained in the foregoing paragraphs are incorporated herein by reference.

37.     Defendant Lorenzen had a duty to operate the large commercial truck he was driving in a safe manner.

38.     Defendant Lorenzen was required to have the truck under reasonable control and was required to observe traffic conditions and nearby vehicles.

39.     Defendant Lorenzen was also required to maintain adequate control of his truck so that he could guide and direct the course of his vehicle, fix its speed, and bring the vehicle to a stop within a reasonable distance.  Defendant Lorenzen was negligent and failed to operate his truck under reasonable control in violation of the FMCSRs and Wyoming law.

40.     Further, Defendant Lorenzen was negligent in failing to adequately signal and failure to maintain a proper lookout.

41.     Defendant Lorenzen was also negligent in turning without first determining that the movement and turn could be made with reasonable safety in violation of the FMCSRs and Wyoming law, including, but not limited to, Wyo. Stat. § 31-5-217.

42.    Defendant Lorenzen's negligence includes, but is not limited to:

43.    driving while fatigued at the wheel;

44.    failing to maintain a proper lookout;

45.    failing to maintain control of his vehicle;

46.    failing to slow the large commercial truck he was driving before crashing into another vehicle and causing it to roll;

47.    failing to slow or stop the large commercial truck he was driving before colliding with another vehicle;

48.    driving too close to other vehicles;

49.    driving at an excessive speed for the circumstances;

50.    driving carelessly and/or recklessly;

51.    driving in a manner which was not reasonable under the circumstances;

52.    violating the Federal Motor Carrier Safety Regulations;

53.    violating the traffic control laws of the State of Wyoming.

54.    Defendant's negligence was the cause of the subject collision and Plaintiff's injuries, losses and damages.

**55.**    As a direct and proximate result of Defendants' actions and inactions, Mr. Regan has suffered, and will continue to suffer, pain and suffering, and extreme and severe mental anguish and emotional distress, and he has suffered, and will continue to suffer, a loss of earnings and other benefits.  Mr. Regan is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF – VICARIOUS LIABLITY – DEFENDANT MOUNTAIN STATES WATER SERVICE

56.     The allegations contained in the foregoing paragraphs are incorporated herein by this reference.

57.     Defendant Justin Lorenzen was an employee of Defendant Mountain States Water Service.

58.     It was an essential duty of Defendant Lorenzen's employment as a driver for Defendant Mountain States Water Service to drive large commercial vehicles including tractor-trailer combination trucks.

59.     On June 22, 2019, Defendant Lorenzen, acting in his capacity as a truck driver for Defendant Mountain States Water Service, carelessly passed without keeping an adequate lookout and without adequately signaling and caused Plaintiff's van to flip and roll, causing Plaintiff serious personal injuries, damages, and losses.

60.     Defendant Lorenzen was entrusted to act on behalf of Defendant Mountain States Water Service, and he was acting within the course and scope of said employment, when the above-described truck wreck occurred.

61.     Defendant Mountain States Water Service had a right and a duty to control the type and manner of work performed by Defendant Lorenzen.

62.     Defendant Mountain States Water Service is responsible for the actions and omissions of Defendant Lorenzen.

63.     Defendant Lorenzen's actions and omissions, as imputed to Defendant Mountain States Water Service, caused Plaintiff Regan to suffer severe personal injuries resulting in economic and non-economic damages and losses.

64.     Defendant Mountain States Water Service is vicariously liable for Defendant Lorenzen's negligence under the doctrine of Respondeat Superior because he was employed by Mountain States Water Service and was acting in the course and scope of his employment at the time of the collision.

65.     In the alternative, Defendant Mountain States Water Service is vicariously liable for Defendant Lorenzen's negligence under the agency doctrine because he was acting as an agent of Defendant Mountain States Water Service within the scope of his actual or implied authority.

66.     Defendant Lorenzen's actions and omissions, as imputed to Defendant Mountain States Water Service, caused Plaintiff Mr.  Robert E. Regan to suffer severe personal injuries resulting in economic and non-economic damages and losses for which Defendant Mountain States Water Service is liable.

### THIRD CLAIM FOR RELIEF – NEGLIGENCE – DEFENDANT MOUNTAIN STATES WATER SERVICE

67.     The allegations contained in the foregoing paragraphs are incorporated herein by this reference.

68.     Defendant Mountain States Water Service operates as a commercial motor carrier.

69.     In return for the privilege of operating commercial motor vehicles on the public roadways, prospective motor carriers must make certain safety related certifications and verifications.

70.     Motor carriers such as Defendant Mountain States Water Service are required to submit a Form MCS-150 to the Federal Motor Carrier Administration and obtain a USDOT number.

71.     Each Form MCS-150 Mountain States Water Service submitted or will submit contains a Certification Statement whereby Mountain States Water Service declares under the penalty of perjury that it is familiar with the Federal Motor Carrier Safety Regulations.

72.     Motor Carriers such as Defendant Mountain States Water Service are required to submit a Form OP-1 to the Federal Motor Carrier Administration in order to gain interstate operating authority.

73.     The Form OP-1 submitted by Defendant Mountain States Water Service contains a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that they are subject to the pertinent portions of the U.S. DOT's Federal Motor Carrier Safety Regulations ("FMCSR") at 49 CFR, Chapter 3, Subchapter B (Parts 350-399).

74.     The Form OP-1 submitted by Defendant Mountain States Water Service contains a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that they have access to and are familiar with all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles and that they will comply with the regulations.

75.     Each Form OP-1 submitted by Defendant Mountain States Water Service contains a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that, at a minimum, they: a) have in place a system for ensuring overall compliance with the FMSCR; b) can produce a copy of the FMSCR; c) have in place a driver safety training/orientation program; d) are familiar with DOT regulations governing driver qualification requirements (49 CFR Parts 391); and, e) have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles.

76.     Reasonably safe motor carriers develop and implement policies, practices, and procedures to give effect to the minimum safety standards contained in the Federal Motor Carrier Safety Regulations.

77.     Reasonably safe motor carriers train and educate their drivers regarding the safe operation of commercial motor vehicles.

78.     Reasonably safe motor carriers utilize information and training materials from industry associations and third party safety vendors such as J.J. Keller & Associates, Inc., the "Smith System," or the National Safety Council to train and educate their drivers regarding the safe operation of commercial motor vehicles.

79.     Reasonably safe motor carriers utilize publicly available government, industry, and trade publications regarding the preventability of highway collisions to design, develop, and implement safety management controls which are designed to reduce collisions involving commercial motor vehicles.

80.     Motor carriers should never allow or permit a driver to operate their commercial motor vehicles if the driver does not have the required knowledge or skill to safely operate the vehicle.

81.     The injuries and damages incurred by Plaintiff were directly and proximately caused by the Defendant Mountain States Water Service's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars by failing to use reasonable care in: a) failing to design, develop, and implement adequate safety management controls related to seeing ahead, space management, accident countermeasures; b) negligent hiring and/or supervision of Defendant Lorenzen; c) failing to train Defendant Lorenzen in the well known dangers of turning left without maintaining a proper lookout and

failing to adequately signal; d) failing to properly monitor and supervise the driving choices and habits of Defendant Lorenzen; e) supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically, Defendant Lorenzen; f) supervision of its drivers, employees, and/or agents, specifically Defendant Lorenzen; g) hiring and/or instruction of its drivers, employees, and/or agents, specifically Defendant Lorenzen; h) entrustment of a tractor trailer to its drivers, employees, and/or agents, specifically Defendant Lorenzen; i) compliance with federal and/or state regulations and industry standards, as referenced in this Complaint and as developed during the discovery in this case; j) improperly auditing the logs and supporting documentation of its driver, employees, and/or agents, specifically Defendant Lorenzen; k) failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically Defendant Lorenzen for compliance with company policies and/or state and federal regulations; l) in allowing Defendant Lorenzen to operate a commercial motor vehicle despite knowledge of his inability to do so safely; m) in failing to have adequate safety management controls in place to ensure compliance with required safety fitness standards; and, n) in failing to utilize available technology to monitor and audit the safety performance of its drivers including Defendant Lorenzen.

82.     Defendant Mountain States Water Service's careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the collision and resulting injuries and damages to the Plaintiff.

83.     Defendant Mountain States Water Service's actions and omissions caused Plaintiff Regan to suffer severe personal injuries resulting in economic and non-economic damages and losses.

84.     Defendant Mountain States Water Service is liable for the severe personal injuries that Mr. Robert E. Regan sustained and the resulting economic and non-economic damages.

WHEREFORE, Plaintiff prays for an award of actual and special compensatory damages to compensate him for the pecuniary and non-pecuniary injuries, damages and losses he has and will suffer in the future, for costs, including expert witness fees, for interest as provided by law, including prejudgment interest, for attorney's fees, punitive damages, and for such other and further relief as is just and proper under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Robert E. Regan respectfully prays to this Court for the following:

A.     On Mr. Regan's claims for Negligence Against Defendant Lorenzen, for a judgment against Mr. Lorenzen, finding his actions and conduct negligent and in favor of Mr. Regan, and a judgment for all of Mr. Regan's damages in an amount to be proven at trial, plus interest; and

B.     On Mr. Regan's claim for Vicarious Liability Against Defendant Mountain States Water Service, Inc., for a judgment finding Mountain States Water Service, Inc., responsible for the actions and omissions of Defendant Justin Lorenzen, and finding that Mountain States Water Service, Inc. is responsible and liable for all of Mr. Regan's damages, in an amount to be determined by a jury, plus interest; and

C.     On Mr. Regan's claim for Negligence Against Defendant Mountain States Water Service, Inc., for a judgment finding Mountain States Water Service, Inc., responsible and liable for all of Mr. Regan's damages, in an amount to be determined by a jury, plus interest; and

D.      On Mr. Regan's claim for punitive damages, for a judgment against Mountain States Water Service, Inc., finding that Plaintiff was damaged by Defendant's misconduct in an amount greater than and beyond his general, compensatory, and consequential damages to be proven at trial, as well as punitive damages in an amount sufficient to punish Defendant and to deter future conduct like that exhibited by Defendant, such that other persons will be deterred from such conduct as well as the Defendant; and

E.      Order Mountain States Water Service, Inc., to pay Mr. Regan punitive damages for its malicious conduct in an amount to be determined at trial in an amount sufficient to punish Defendant and to deter future conduct like that exhibited by Defendant, such that other persons will be deterred from such conduct as well as the Defendant; and

F.      Award attorney and expert witness fees as allowed by statute; and

G.      Award pre-judgment interest at the maximum legal rate; and

H.      Award interest on the judgment at the maximum legal rate; and

I.      Award costs of suit herein; and

J.      Grant such further relief as the Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff, by and through his counsel, pursuant to Federal Rule of Civil Procedure 38, hereby requests that this matter be tried to a jury of six.

RESPECTFULLY SUBMITTED this 3rd day of March, 2021.

THE RICHARD LAW FIRM, P.C.


             /s/
_____

Andrea L. Richard
Wyoming State Bar No. 5-2848
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com

*Attorney for Plaintiff*